JUDGE CHIN

SRA FILE #847-8003

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

08 CV 2853

JILL A. AZZARELLO,

                                        Plaintiff,        **Docket No.:**

                -against-
                                                          **NOTICE OF REMOVAL**

CDL HOTELS USA, INC., CDL (NYL) LIMITED,
CDL (NEW YORK) L.L.C., CITY
DEVELOPMENTS LIMITED (CDL) and
MILLENIUM & COPTHORNE PLC.,

                                        Defendants.

-----------------------------------------------------------x



RECEIVED
MAR 18 2008
U.S.D.C. S.D.N.Y.
CASHIERS

**TO:    THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF NEW YORK**

Defendants CDL HOTELS USA, INC. and CDL (NYL) LIMITED hereby remove

this action from the Supreme Court of the State of New York, County of Erie, to the

United States District Court for the Southern District of New York.

        1. A civil action has been brought against Petitioners in the Supreme

Court of the State of New York, County of Erie, which is entitled Jill A. Azzarello v. CDL

Hotels USA, Inc., CDL (NYL) Limited, CDL (New York) L.L.C., City Developments

Limited (CDL) and Millenium & Copthorne PLC., under Index Number 2008-1096.  A

copy of the Summons and Complaint is annexed hereto as Exhibit **"A"**.   Upon

information and belief, defendants received notice of this action on or about February

26, 2008.

        2. The above described action is one in which the Court has original

jurisdiction under the provisions of 28 U.S.C. §1332, and is one which may be removed

to this Court by Petitioner herein pursuant to the provisions of 28 U.S.C. §1332(a)(2)

and (c)(1) and 28 U.S.C. §1441, in that it is a civil action between a citizen of one state and a corporation which is incorporated and has its principal place of business in a foreign state.  Upon information and belief the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs.  Further, pursuant to 28 USCS § 1391(c), as defendants CDL HOTELS USA, INC. and CDL (NYL) LIMITED are foreign corporations whose registered agent within the State of New York is located in New York County, this action is properly removed to this Court.

3.  Upon information and belief, at the time of the commencement of this action and at the filing of this Notice of Removal:

(a)   Plaintiff is a citizen of the State of New York, residing in the State of New York, County of Erie; and

(b)   Defendants CDL HOTELS USA INC. and CDL (NYL) LIMITED, are corporations organized and existing under the laws of Delaware, with their principal places of business located in Greenwood Village, Colorado. Defendant CDL (NEW YORK) L.L.C. is a limited liability company organized and existing under the laws of Delaware.  These defendants have as their registered agent within the State of New York: CT Corporation, 111 Eighth Avenue, New York, New York 10011.

4.  Plaintiff seeks money damages for personal injuries resulting from an accident that allegedly took place on January 25, 2006 at or near the Millenium Resort Scottsdale McCormick Ranch located at 7401 North Scottsdale Road, in the County of Maricopa and State of Arizona.   It is alleged that defendant negligently created a dangerous and hazardous condition.

5.  Plaintiff JILL A. AZZERELLO alleges that as a result of this incident she sustained personal injuries.  Upon information and belief, the alleged injuries may be sufficient to meet the jurisdictional minimum amount in controversy.

6. This notice of removal is timely, since it is filed within thirty (30) days of defendant's receipt of the Summons and Complaint.

7. The defendant will promptly file a copy of this Notice in the Supreme Court of the State of New York, County of Erie, and will serve a copy of same on the plaintiff in accordance with 28 U.S.C. §1446(d).

**WHEREFORE**, defendants CDL HOTELS USA, INC. and CDL (NYL) LIMITED respectfully request that the action pending against it in the Supreme Court of the State of New York, County of Erie be removed there from to this Court.

Dated:      New York, New York
            March 18, 2008

                              Yours, etc.

                              STRONGIN ROTHMAN & ABRAMS, LLP

                              _____
                              MARC J. MONTE (MM 0463)
                              Attorneys for Defendant
                              CDL HOTELS USA, INC. and CDL (NYL)
                              LIMITED
                              5 Hanover Square, 4th Floor
                              New York, NY 10004
                              (212) 931-8300

TO:
Kevin M. Maley, Esq.
QUINN, MCGARRY, CAFFERY & PATRICIA, P.C.
1600 Statler Towers
Buffalo, New York  14202
(716) 856-6066
Attorneys for Plaintiff

SRA FILE #847-8003

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JILL A. AZZARELLO,.

                                    Plaintiff,      **Docket No.:**

               -against-

                                          **VERIFICATION**

CDL HOTELS USA, INC., CDL (NYL) LIMITED,
CDL (NEW YORK) L.L.C., CITY
DEVELOPMENTS LIMITED (CDL) and
MILLENIUM & COPTHORNE PLC.,

                               Defendants.
------------------------------------------------------------x

STATE OF NEW YORK    )
                         )SS.:
COUNTY OF NEW YORK  )

      MARC J. MONTE, being duly sworn, deposes and says:

        I am associated with the law firm of STRONGIN ROTHMAN & ABRAMS,

LLP, attorneys for defendants CDL HOTELS USA, INC. and CDL (NYL) LIMITED; that I

have read the foregoing Notice of Removal, and that the statements contained therein

are true in substance and to my knowledge.

Dated:  March 18, 2008

                                           _____
                                       MARC J. MONTE (MM 0463)

Exhibit A

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

JILL A. AZZARELLO,
42 Homeworth Parkway
Cheektowaga, New York 14225

   -vs-               Plaintiff,

CDL HOTELS USA, INC.,
C/O Millennium Hotels and Resorts
7600 E. Orchard Road
SE 230 South
Greenwood Village, Colorado 80111

CDL (NYL) LIMITED,
C/O Millennium Hotels and Resorts
7600 E. Orchard Road
SE 230 South
Greenwood Village, Colorado 80111

CDL (NEW YORK) L.L.C.,
C/O CT Corporation System
111 Eighth Avenue
New York, New York 10011

CITY DEVELOPMENTS LIMITED (CDL)

36 Robinson Road

#20-01 City HouseSingapore 068877

and

MILLENNIUM & COPTHORNE PLC

Victoria House, Victoria Road,

Horley, Surrey RH6 7AF,

United Kingdom

                   Defendants

**SUMMONS**

Index No.:    2008-1096

**Please turn this document over to
your insurance agent or carrier
immediately. Failure to do so could
result in loss of coverage**

*Served By
Servico*

*Specialists in All
Legal Papers*

*P.O. Box 871
Albany, NY 12201*

FILED
01/25/2008/ 15:21:14
ERIE COUNTY CLERK
RCPT # 476369
I 2008001096

To the above named Defendants:

YOU ARE HEREBY SUMMONED AND REQUIRED to serve upon Plaintiff's attorneys, QUINN, McGARRY, CAFFERY & PATRICIA, P.C., at the address stated below, a written Answer to the attached Complaint.

If this Summons is served upon you within the State of New York by personal service, you must respond within Twenty (20) days after service, not counting the day of service. If this Summons is not personally delivered to you within the State of New York, you must respond within Thirty (30) days after service is completed, as provided by law.

If you do not respond to the attached Complaint within the applicable time limitation stated above, a Judgment will be entered against you, by default, for the relief demanded in the Complaint, without further notice to you.

This action is brought within the County of Erie and the State of New York because of the residence of the Plaintiff and the Defendants act of doing business in Erie County and New York State.

Dated: Buffalo, New York
      January 25, 2008

Quinn, McGarry, Caffery & Patricia, P.C.
KEVIN M. MALEY, ESQ.
Attorneys for Plaintiff
JILL A. AZZARELLO
1600 Statler Towers
Buffalo, New York 14202
(716) 856-6066

**PLEASE TURN THIS DOCUMENT OVER IMMEDIATELY TO YOUR INSURANCE AGENT OR CARRIER. FAILURE TO DO SO COULD RESULT IN LOSS OF COVERAGE.**

**CONTACT THE ABOVE NAMED ATTORNEY UPON RECEIPT**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ERIE
_____

JILL A. AZZARELLO,

                              Plaintiff,

-vs-                                                      **COMPLAINT**
                                                         Index No.:
CDL HOTELS USA, INC.,
CDL (NYL) LIMITED,                                       F I L E D
CDL (NEW YORK) L.L.C.,                                   ACTIONS & PROCEEDINGS
CITY DEVELOPMENTS LIMITED (CDL)  and
MILLENNIUM & COPTHORNE PLC.                              JAN 2 5 2008

                              Defendants.                ERIE COUNTY
                                                         CLERK'S OFFICE
_____

        Plaintiff, JILL A. AZZARELLO, by her attorneys, Quinn, McGarry, Caffery & Patricia,

P.C., for her Complaint against the Defendants, alleges as follows:

              AS AND FOR A FIRST CAUSE OF ACTION AGAINST
              DEFENDANT, CDL HOTELS USA, INC., PLAINTIFF,
                              ALLEGES:

        1.    Plaintiff, JILL A. AZZARELLO, at all times hereinafter mentioned, was and still is a

resident of the Town of Cheektowaga, located within the County of Erie in the State of New

York.

        2.    Upon information and belief, at all times hereinafter mentioned, Defendant, CDL

HOTELS USA, INC., was and still is a foreign corporation duly organized and existing under and

by virtue of the laws of the State of Delaware.

        3.    Upon information and belief, at all times hereinafter mentioned, Defendant  CDL

HOTELS USA, INC., was authorized to and was doing business in the State of New York.

4. Upon information and belief, at all times hereinafter mentioned, Defendant CDL HOTELS USA, INC., maintained and maintains Offices and/or Hotels for the purpose of transacting business and was transacting business in the State of New York.

5. Upon information and belief, at all times hereinafter mentioned, Defendant, CDL HOTELS USA, INC., was the owner of certain real property commonly known as Millennium Resort Scottsdale McCormick Ranch, 7401 North Scottsdale Road, located within the City of Scottsdale and State of Arizona.

6. Upon information and belief, at all times hereinafter mentioned, Defendant, CDL HOTELS USA, INC., by its agents, servants and/or employees, maintained the Millennium Resort Scottsdale McCormick Ranch a Hotel, Restaurant, Resort and Conference Center open to the public and let rooms and suites at the aforesaid premises.

7. Upon information and belief, at all times hereinafter mentioned, Defendant, CDL HOTELS USA, INC., by its agents, servants and/or employees, operated the aforesaid premises.

8. Upon information and belief, at all times hereinafter mentioned, Defendant, CDL HOTELS USA, INC., by its agents, servants and/or employees maintained and cleaned the aforesaid premises.

9. Upon information and belief, at all times hereinafter mentioned, Defendant, CDL HOTELS USA, INC., by its agents, servants and/or employees, managed the aforesaid premises.

10. Upon information and belief, at all times hereinafter mentioned, Defendant, CDL HOTELS USA, INC., by its agents, servants and/or employees, controlled and inspected the aforesaid premises.

2

11.    Upon information and belief, at all times hereinafter mentioned, Defendant, CDL HOTELS USA, INC., by its agents, servants and/or employees, designed and secured the aforesaid premises.

12.    On or about January 25, 2006, the Plaintiff, JILL A. AZZARELLO, while lawfully and properly a business invitee at the aforesaid premises and who was let a room to occupy for her stay was caused to be infected, poisoned, bit and stung by an insect, to wit: a scorpion.

13.    Upon information and belief, the incident hereinbefore described and the resultant injuries were caused by the negligent, careless, reckless and/or unlawful conduct on the part of Defendant, CDL HOTELS USA, INC., by its agents, servants and/or employees, in the ownership, operation, maintenance, management, control and design of the aforesaid premises and, among, other things, said negligence of Defendant by its agents, servants and/or employees was exhibited in Defendant allowing and permitting an infestation of dangerous, deadly and venomous insects to remain and live in the hotel and hotel rooms which were provided to guests to occupy, when such rooms were in an unsafe, unfit, dangerous, hazardous, and possible deadly condition, which should have prevented occupation and in allowing and permitting it to be occupied and remain in such condition, without warning the Plaintiff and others of this dangerous condition's existence.

14.    Upon information and belief, the aforesaid dangerous and hazardous condition existed for a sufficient length of time to give both actual and constructive notice to Defendant, CDL HOTELS USA, INC., by its agents, servants and/or employees,  including notice by reasonable inspection.

3

15.    Upon information and belief, Defendant, CDL HOTELS USA, INC., affirmatively created the dangerous and hazardous condition complained of herein.

16.    As a result of the alleged incident, Plaintiff, JILL A. AZZARELLO, sustained bodily injuries and was painfully and seriously injured, and some of the injuries may result in permanent defects; was rendered sick, sore, lame and disabled; sustained pain and suffering and shock to her nerves and nervous system; was caused to and did seek medical aid and attention; was caused to be confined to a hospital, bed and home, was caused to and did incur great medical expenses and may incur further medical expense; was caused to be incapacitated from her usual activities and work and may be further incapacitated.

17.    This action falls within one or more of the exceptions set forth in CPLR 1602

18.  Upon information and belief, as a result of the foregoing, the accident and Defendant's negligence, the Plaintiff, JILL A. AZZARELLO, has been damaged in an amount exceeding the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

AS AND FOR A SECOND CAUSE OF ACTION AGAINST
DEFENDANT, CDL HOTELS USA, INC., PLAINTIFF,
ALLEGES:

19.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "18" inclusive, with the same force and effect as if more fully set forth at length herein.

20.    That the Defendant, CDL HOTELS USA, INC.,  its agents, servants and/or employees violated various statutes, codes, laws, ordinances, rules and regulations, involving providing hotel

4

rooms, cleaning hotel rooms, and the inspection, removal and spraying for insects in a business open to the public at its Millennium Resort Scottsdale McCormick Ranch location.

21.    That by reason of the Defendant's violations as aforesaid, the Plaintiff was caused to sustain severe and permanent personal injuries as previously set forth.

22.    That by reason of the foregoing, the Defendant is liable to the Plaintiff pursuant to the exceptions set forth in Article 16 of the CPLR.

23.    Upon information and belief, as a result of the foregoing, the accident and Defendant's negligence, the Plaintiff, JILL A. AZZARELLO, has been damaged in an amount exceeding the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

AS AND FOR A THIRD CAUSE OF ACTION AGAINST
DEFENDANT, CDL HOTELS USA, INC., PLAINTIFF,
ALLEGES:

24.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "23" inclusive, with the same force and effect as if more fully set.

25.    That in or about January 25, 2006, at the aforementioned premises the Defendant CDL HOTELS USA, INC., for a valuable consideration entered into a contractual agreement with the Plaintiff, express and implied to provide certain services specifically but not limited to providing a safe, habitable room at its Millennium Resort Scottsdale McCormick Ranch location, free of hazards for her to occupy during her stay.

26.    That the Defendant failed to perform the contract and breached the contract and the express and implied warranties thereto in that the Defendant failed to provide a safe room free

5

of hazard or danger and failed to advise the Plaintiff of a known danger and failed to properly

maintain, clean, inspect their premises and failed to perform and provide services: a room in an

acceptable manner or habitable condition according to accepted and standard practices as set forth

hereinabove in greater detail.

27.    This action falls within one or more of the exceptions set forth in CPLR 1602.

28.    Upon information and belief, as a result of the foregoing, the accident and

Defendant's negligence, the Plaintiff, JILL A. AZZARELLO, has been damaged in an amount

exceeding the jurisdictional limits of all lower courts that would otherwise have jurisdiction.


AS AND FOR A FOURTH CAUSE OF ACTION AGAINST
DEFENDANT, CDL (NYL) LIMITED, PLAINTIFF,
ALLEGES:

29.    Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs numbered "1" through "28" inclusive, with the same force and effect as if more fully

set.

30.    Plaintiff, JILL A. AZZARELLO, at all times hereinafter mentioned, was and still is

a resident of the Town of Cheektowaga, located within the County of Erie in the State of New

York.

31.    Upon information and belief, at all times hereinafter mentioned, Defendant, CDL

(NYL) LIMITED, was and still is a foreign corporation duly organized and existing under and by

virtue of the laws of the State of Delaware.

32.    Upon information and belief, at all times hereinafter mentioned, Defendant  CDL

(NYL) LIMITED, was authorized to and was doing business in the State of New York.

6

33.    Upon information and belief, at all times hereinafter mentioned, Defendant CDL (NYL) LIMITED, maintained and maintains Offices and/or Hotels for the purpose of transacting business and was transacting business in the State of New York.

34.    Upon information and belief, at all times hereinafter mentioned, Defendant, CDL (NYL) LIMITED, was the owner of certain real property commonly known as Millennium Resort Scottsdale McCormick Ranch, 7401 North Scottsdale Road, located within the City of Scottsdale and State of Arizona.

35.    Upon information and belief, at all times hereinafter mentioned, Defendant, CDL (NYL) LIMITED., by its agents, servants and/or employees, maintained the Millennium Resort Scottsdale McCormick Ranch a Hotel, Restaurant, Resort and Conference Center open to the public and let rooms and suites at the aforesaid premises.

36.    Upon information and belief, at all times hereinafter mentioned, Defendant, CDL (NYL) LIMITED, by its agents, servants and/or employees, operated the aforesaid premises.

37.    Upon information and belief, at all times hereinafter mentioned, Defendant, CDL (NYL) LIMITED, by its agents, servants and/or employees maintained and cleaned the aforesaid premises.

38.    Upon information and belief, at all times hereinafter mentioned, Defendant, CDL (NYL) LIMITED, by its agents, servants and/or employees, managed the aforesaid premises.

39.    Upon information and belief, at all times hereinafter mentioned, Defendant, CDL (NYL) LIMITED, by its agents, servants and/or employees, controlled and inspected the aforesaid premises.

40.    Upon information and belief, at all times hereinafter mentioned, Defendant, CDL

7

(NYL) LIMITED, by its agents, servants and/or employees, designed and secured the aforesaid premises.

41.    On or about January 25, 2006, the Plaintiff, JILL A. AZZARELLO, while lawfully and properly a business invitee at the aforesaid premises and who was let a room to occupy for her stay was caused to be infected, poisoned, bit and stung by an insect, to wit: a scorpion.

42.    Upon information and belief, the incident hereinbefore described and the resultant injuries were caused by the negligent, careless, reckless and/or unlawful conduct on the part of Defendant, CDL (NYL) LIMITED, by its agents, servants and/or employees, in the ownership, operation, maintenance, management, control and design of the aforesaid premises and, among, other things, said negligence of Defendant by its agents, servants and/or employees was exhibited in Defendant allowing and permitting an infestation of dangerous, deadly and venomous insects to remain and live in the hotel and hotel rooms which were provided to guests to occupy, when such rooms were in an unsafe, unfit, dangerous, hazardous, and possible deadly condition, which should have prevented occupation and in allowing and permitting it to be occupied and remain in such condition, without warning the Plaintiff and others of this dangerous condition's existence.

43.    Upon information and belief, the aforesaid dangerous and hazardous condition existed for a sufficient length of time to give both actual and constructive notice to Defendant, CDL (NYL) LIMITED, by its agents, servants and/or employees, including notice by reasonable inspection.

44.    Upon information and belief, Defendant, CDL (NYL) LIMITED, affirmatively created the dangerous and hazardous condition complained of herein.

45.    As a result of the alleged incident, Plaintiff, JILL A. AZZARELLO, sustained bodily

injuries and was painfully and seriously injured, and some of the injuries may result in permanent

defects; was rendered sick, sore, lame and disabled; sustained pain and suffering and shock to her

nerves and nervous system; was caused to and did seek medical aid and attention; was caused to

be confined to a hospital, bed and home, was caused to and did incur great medical expenses and

may incur further medical expense; was caused to be incapacitated from her usual activities and

work and may be further incapacitated.

46.    This action falls within one or more of the exceptions set forth in CPLR 1602

47.    Upon information and belief, as a result of the foregoing, the accident and

Defendant's negligence, the Plaintiff, JILL A. AZZARELLO, has been damaged in an amount

exceeding the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

## AS AND FOR A FIFTH CAUSE OF ACTION AGAINST
## DEFENDANT, CDL (NYL) LIMITED, PLAINTIFF,
## ALLEGES:

48.    Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs numbered "1" through "47" inclusive, with the same force and effect as if more fully

set forth at length herein.

49.    That the Defendant, CDL (NYL) LIMITED,  its agents, servants and/or employees

violated various statutes, codes, laws, ordinances, rules and regulations, involving providing hotel

rooms, cleaning hotel rooms, and the inspection and removal and spraying for insects in a business

open to the public at its Millennium Resort Scottsdale McCormick Ranch location.

50.    That by reason of the Defendant CDL (NYL) LIMITED's violations as aforesaid,

the Plaintiff was caused to sustain severe and permanent personal injuries as previously set forth.

9

51.    That by reason of the foregoing, the Defendant is liable to the Plaintiff pursuant to

the exceptions set forth in Article 16 of the CPLR.

52.    Upon information and belief, as a result of the foregoing, the accident and

Defendant's negligence, the Plaintiff, JILL A. AZZARELLO, has been damaged in an amount

exceeding the jurisdictional limits of all lower courts that would otherwise have jurisdiction.


## AS AND FOR A SIXTH CAUSE OF ACTION AGAINST DEFENDANT, CDL (NYL) LIMITED, PLAINTIFF, ALLEGES:

53.    Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs numbered "1" through "52" inclusive, with the same force and effect as if more fully

set.

54.    That in or about January 25, 2006, at the aforementioned premises the Defendant

CDL (NYL) LIMITED, for a valuable consideration entered into a contractual agreement with

the Plaintiff, express and implied to provide certain services specifically but not limited to

providing a safe, habitable room at its Millennium Resort Scottsdale McCormick Ranch location,

free of hazards for her to occupy during her stay.

55.    That the Defendant failed to perform the contract and breached the contract and

the express and implied warranties thereto in that the Defendant failed to provide a safe room free

of hazard or danger and failed to advise the Plaintiff of a known danger and failed to properly

maintain, clean, inspect their premises and failed to perform and provide services: a room in an

acceptable manner or habitable condition according to accepted and standard practices as set forth

hereinabove in greater detail.

56.    This action falls within one or more of the exceptions set forth in CPLR 1602.

57.    Upon information and belief, as a result of the foregoing, the accident and Defendant's negligence, the Plaintiff, JILL A. AZZARELLO, has been damaged in an amount exceeding the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

## AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST DEFENDANT, CDL (NEW YORK) L.L.C., PLAINTIFF, ALLEGES:

58.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "57" inclusive, with the same force and effect as if more fully set.

59.    Plaintiff, JILL A. AZZARELLO, at all times hereinafter mentioned, was and still is a resident of the Town of Cheektowaga, located within the County of Erie in the State of New York.

60.    Upon information and belief, at all times hereinafter mentioned, Defendant, CDL (NEW YORK) L.L.C., was and still is a foreign Limited Liability Company duly organized and existing under and by virtue of the laws of the State of Delaware.

61.    Upon information and belief, at all times hereinafter mentioned, Defendant CDL (NEW YORK) L.L.C., was authorized to and was doing business in the State of New York.

62.    Upon information and belief, at all times hereinafter mentioned, Defendant CDL (NEW YORK) L.L.C., maintained and maintains Offices and/or Hotels for the purpose of transacting business and was transacting business in the State of New York.

63.    Upon information and belief, at all times hereinafter mentioned, Defendant, CDL

11

(NEW YORK) L.L.C., was the owner of certain real property commonly known as Millennium

Resort Scottsdale McCormick Ranch, 7401 North Scottsdale Road, located within the City of

Scottsdale and State of Arizona.

64.    Upon information and belief, at all times hereinafter mentioned, Defendant, CDL

(NEW YORK) L.L.C., by its agents, servants and/or employees, maintained the Millennium

Resort Scottsdale McCormick Ranch a Hotel, Restaurant, Resort and Conference Center open to

the public and let rooms and suites at the aforesaid premises.

65.    Upon information and belief, at all times hereinafter mentioned, CDL (NEW

YORK) L.L.C., by its agents, servants and/or employees, operated the aforesaid premises.

66.    Upon information and belief, at all times hereinafter mentioned, Defendant, CDL

(NEW YORK) L.L.C., by its agents, servants and/or employees maintained and cleaned the

aforesaid premises.

67.    Upon information and belief, at all times hereinafter mentioned, Defendant, CDL

(NEW YORK) L.L.C., by its agents, servants and/or employees, managed the aforesaid premises.

68.    Upon information and belief, at all times hereinafter mentioned, Defendant, CDL

(NEW YORK) L.L.C., by its agents, servants and/or employees, controlled and inspected the

aforesaid premises.

69.    Upon information and belief, at all times hereinafter mentioned, Defendant, CDL

(NEW YORK) L.L.C., by its agents, servants and/or employees, designed and secured the

aforesaid premises.

70.    On or about January 25, 2006, the Plaintiff, JILL A. AZZARELLO, while lawfully

and properly a business invitee at the aforesaid premises and who was let a room to occupy for

her stay was caused to be infected, poisoned, bit and stung by an insect, to wit: a scorpion.

71.    Upon information and belief, the incident hereinbefore described and the resultant injuries were caused by the negligent, careless, reckless and/or unlawful conduct on the part of Defendant, CDL (NEW YORK) L.L.C., by its agents, servants and/or employees, in the ownership, operation, maintenance, management, control and design of the aforesaid premises and, among, other things, said negligence of Defendant by its agents, servants and/or employees was exhibited in Defendant allowing and permitting an infestation of dangerous, deadly and venomous insects to remain and live in the hotel and hotel rooms which were provided to guests to occupy, when such rooms were in an unsafe, unfit, dangerous, hazardous, and possible deadly condition, which should have prevented occupation and in allowing and permitting it to be occupied and remain in such condition, without warning the Plaintiff and others of this dangerous condition's existence.

72.    Upon information and belief, the aforesaid dangerous and hazardous condition existed for a sufficient length of time to give both actual and constructive notice to Defendant, CDL (NEW YORK) L.L.C., by its agents, servants and/or employees,  including notice by reasonable inspection.

73.    Upon information and belief, Defendant, CDL (NEW YORK) L.L.C., affirmatively created the dangerous and hazardous condition complained of herein.

74.    As a result of the alleged incident, Plaintiff, JILL A. AZZARELLO, sustained bodily injuries and was painfully and seriously injured, and some of the injuries may result in permanent defects; was rendered sick, sore, lame and disabled; sustained pain and suffering and shock to her nerves and nervous system; was caused to and did seek medical aid and attention; was caused to

13

be confined to a hospital, bed and home, was caused to and did incur great medical expenses and may incur further medical expense; was caused to be incapacitated from her usual activities and work and may be further incapacitated.

75.    This action falls within one or more of the exceptions set forth in CPLR 1602

76.    Upon information and belief, as a result of the foregoing, the accident and Defendant's negligence, the Plaintiff, JILL A. AZZARELLO, has been damaged in an amount exceeding the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

### AS AND FOR A EIGHTH CAUSE OF ACTION AGAINST DEFENDANT, CDL (NEW YORK) L.L.C., PLAINTIFF, ALLEGES:

77.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "76" inclusive, with the same force and effect as if more fully set forth at length herein.

78.    That the Defendant, CDL (NEW YORK) L.L.C., its agents, servants and/or employees violated various statutes, codes, laws, ordinances, rules and regulations, involving providing hotel rooms, cleaning hotel rooms, and the inspection and removal and spraying for insects in a business open to the public at its Millennium Resort Scottsdale McCormick Ranch location.

79.    That by reason of the Defendant's violations as aforesaid, the Plaintiff was caused to sustain severe and permanent personal injuries as previously set forth.

80.    That by reason of the foregoing, the Defendant is liable to the Plaintiff pursuant to the exceptions set forth in Article 16 of the CPLR.

81.    Upon information and belief, as a result of the foregoing, the accident and

14

Defendant's negligence, the Plaintiff, JILL A. AZZARELLO, has been damaged in an amount

exceeding the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

## AS AND FOR A NINTH CAUSE OF ACTION AGAINST DEFENDANT, CDL (NEW YORK) L.L.C., PLAINTIFF, ALLEGES:

82.    Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs numbered "1" through "81" inclusive, with the same force and effect as if more fully

set.

83.    That in or about January 25, 2006, at the aforementioned premises the Defendant

CDL (NEW YORK) L.L.C., for a valuable consideration entered into a contractual agreement

with the Plaintiff, express and implied to provide certain services specifically but not limited to

providing a safe, habitable room at its Millennium Resort Scottsdale McCormick Ranch location,

free of hazards for her to occupy during her stay.

84.    That the Defendant failed to perform the contract and breached the contract and

the express and implied warranties thereto in that the Defendant failed to provide a safe room free

of hazard or danger and failed to advise the Plaintiff of a known danger and failed to properly

maintain, clean, inspect their premises and failed to perform and provide services: a room in an

acceptable manner or habitable condition according to accepted and standard practices as set forth

hereinabove in greater detail.

85.    This action falls within one or more of the exceptions set forth in CPLR 1602.

86.    Upon information and belief, as a result of the foregoing, the accident and

Defendant's negligence, the Plaintiff, JILL A. AZZARELLO, has been damaged in an amount

15

exceeding the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

AS AND FOR A TENTH CAUSE OF ACTION AGAINST
DEFENDANT, CITY DEVELOPMENTS LIMITED (CDL), PLAINTIFF,
ALLEGES:

87.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "86" inclusive, with the same force and effect as if more fully set.

88.     Plaintiff, JILL A. AZZARELLO, at all times hereinafter mentioned, was and still is a resident of the Town of Cheektowaga, located within the County of Erie in the State of New York.

89.     Upon information and belief, at all times hereinafter mentioned, Defendant, CITY DEVELOPMENTS LIMITED (CDL) was and still is a foreign corporation.

90.     Upon information and belief, at all times hereinafter mentioned, Defendant  CITY DEVELOPMENTS LIMITED (CDL), was authorized to and was doing business in the State of New York.

91.     Upon information and belief, at all times hereinafter mentioned, Defendant CITY DEVELOPMENTS LIMITED (CDL), maintained and maintains Offices and/or Hotels for the purpose of transacting business and was transacting business in the State of New York.

92.     Upon information and belief, at all times hereinafter mentioned, Defendant, CITY DEVELOPMENTS LIMITED (CDL), was the owner of certain real property commonly known as Millennium Resort Scottsdale McCormick Ranch, 7401 North Scottsdale Road, located within the City of Scottsdale and State of Arizona.

93.     Upon information and belief, at all times hereinafter mentioned, Defendant, CITY

16

DEVELOPMENTS LIMITED (CDL), by its agents, servants and/or employees, maintained the

Millennium Resort Scottsdale McCormick Ranch a Hotel, Restaurant, Resort and Conference

Center open to the public and let rooms and suites at the aforesaid premises.

94.    Upon information and belief, at all times hereinafter mentioned, CITY

DEVELOPMENTS LIMITED (CDL), by its agents, servants and/or employees, operated the

aforesaid premises.

95.    Upon information and belief, at all times hereinafter mentioned, Defendant, CITY

DEVELOPMENTS LIMITED (CDL), by its agents, servants and/or employees maintained and

cleaned the aforesaid premises.

96.    Upon information and belief, at all times hereinafter mentioned, Defendant, CITY

DEVELOPMENTS LIMITED (CDL), by its agents, servants and/or employees, managed the

aforesaid premises.

97.    Upon information and belief, at all times hereinafter mentioned, Defendant, CITY

DEVELOPMENTS LIMITED (CDL), by its agents, servants and/or employees, controlled and

inspected the aforesaid premises.

98.    Upon information and belief, at all times hereinafter mentioned, CITY

DEVELOPMENTS LIMITED (CDL), by its agents, servants and/or employees, designed and

secured the aforesaid premises.

99.    On or about January 25, 2006, the Plaintiff, JILL A. AZZARELLO, while lawfully

and properly a business invitee at the aforesaid premises and who was let a room to occupy for

her stay was caused to be infected, poisoned, bit and stung by an insect, to wit: a scorpion.

100.    Upon information and belief, the incident hereinbefore described and the resultant

injuries were caused by the negligent, careless, reckless and/or unlawful conduct on the part of

Defendant, CITY DEVELOPMENTS LIMITED (CDL), by its agents, servants and/or

employees, in the ownership, operation, maintenance, management, control and design of the

aforesaid premises and, among, other things, said negligence of Defendant by its agents, servants

and/or employees was exhibited in Defendant allowing and permitting an infestation of dangerous,

deadly and venomous insects to remain and live in the hotel and hotel rooms which were provided

to guests to occupy, when such rooms were in an unsafe, unfit, dangerous, hazardous, and

possible deadly condition, which should have prevented occupation and in allowing and permitting

it to be occupied and remain in such condition, without warning the Plaintiff and others of this

dangerous condition's existence.

101.    Upon information and belief, the aforesaid dangerous and hazardous condition

existed for a sufficient length of time to give both actual and constructive notice to Defendant,

CITY DEVELOPMENTS LIMITED (CDL), by its agents, servants and/or employees, including

notice by reasonable inspection.

102.    Upon information and belief, Defendant, CITY DEVELOPMENTS LIMITED

(CDL)., affirmatively created the dangerous and hazardous condition complained of herein.

103.    As a result of the alleged incident, Plaintiff, JILL A. AZZARELLO, sustained

bodily injuries and was painfully and seriously injured, and some of the injuries may result in

permanent defects; was rendered sick, sore, lame and disabled; sustained pain and suffering and

shock to her nerves and nervous system; was caused to and did seek medical aid and attention;

was caused to be confined to a hospital, bed and home, was caused to and did incur great medical

expenses and may incur further medical expense; was caused to be incapacitated from her usual

activities and work and may be further incapacitated.

104.    This action falls within one or more of the exceptions set forth in CPLR 1602

105.    Upon information and belief, as a result of the foregoing, the accident and

Defendant's negligence, the Plaintiff, JILL A. AZZARELLO, has been damaged in an amount

exceeding the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

AS AND FOR A ELEVENTH CAUSE OF ACTION AGAINST
DEFENDANT, CITY DEVELOPMENTS LIMITED (CDL), PLAINTIFF,
ALLEGES:

106.    Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs numbered "1" through "105" inclusive, with the same force and effect as if more fully

set forth at length herein.

107.    That the Defendant, CITY DEVELOPMENTS LIMITED (CDL), its agents, servants

and/or employees violated various statutes, codes, laws, ordinances, rules and regulations, involving

providing hotel rooms, cleaning hotel rooms, and the inspection and removal and spraying for insects in

a business open to the public at its Millennium Resort Scottsdale McCormick Ranch location.

108.    That by reason of the Defendant's violations as aforesaid, the Plaintiff was caused

to sustain severe and permanent personal injuries as previously set forth.

109.    That by reason of the foregoing, the Defendant is liable to the Plaintiff pursuant to

the exceptions set forth in Article 16 of the CPLR.

110.    Upon information and belief, as a result of the foregoing, the accident and

Defendant's negligence, the Plaintiff, JILL A. AZZARELLO, has been damaged in an amount

exceeding the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

19

## AS AND FOR A TWELFTH CAUSE OF ACTION AGAINST DEFENDANT, CITY DEVELOPMENTS LIMITED (CDL), PLAINTIFF, ALLEGES:

111.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "110" inclusive, with the same force and effect as if more fully set.

112.    That in or about January 25, 2006, at the aforementioned premises the Defendant CITY DEVELOPMENTS LIMITED (CDL), for a valuable consideration entered into a contractual agreement with the Plaintiff, express and implied to provide certain services specifically but not limited to providing a safe, habitable room, at its Millennium Resort Scottsdale McCormick Ranch location, free of hazards for her to occupy during her stay.

113.    That the Defendant failed to perform the contract and breached the contract and the express and implied warranties thereto in that the Defendant failed to provide a safe room free of hazard or danger and failed to advise the Plaintiff of a known danger and failed to properly maintain, clean, inspect their premises and failed to perform and provide services: a room in an acceptable manner or habitable condition according to accepted and standard practices as set forth hereinabove in greater detail.

114.    This action falls within one or more of the exceptions set forth in CPLR 1602.

115.    Upon information and belief, as a result of the foregoing, the accident and Defendant's negligence, the Plaintiff, JILL A. AZZARELLO, has been damaged in an amount exceeding the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

20

AS AND FOR A THIRTEENTH CAUSE OF ACTION AGAINST
DEFENDANT, MILLENNIUM & COPTHORNE PLC, PLAINTIFF,
ALLEGES:

116.     Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs numbered "1" through "115" inclusive, with the same force and effect as if more fully

set.

117.     Plaintiff, JILL A. AZZARELLO, at all times hereinafter mentioned, was and still is

a resident of the Town of Cheektowaga, located within the County of Erie in the State of New

York.

118.     Upon information and belief, at all times hereinafter mentioned, Defendant,

MILLENNIUM & COPTHORNE PLC was and still is a foreign corporation.

119.     Upon information and belief, at all times hereinafter mentioned, Defendant

MILLENNIUM & COPTHORNE PLC, was authorized to and was doing business in the State of

New York.

120.     Upon information and belief, at all times hereinafter mentioned, Defendant

MILLENNIUM & COPTHORNE PLC, maintained and maintains Offices and/or Hotels for the

purpose of transacting business and was transacting business in the State of New York.

121.     Upon information and belief, at all times hereinafter mentioned, Defendant,

MILLENNIUM & COPTHORNE PLC, was the owner of certain real property commonly known

as Millennium Resort Scottsdale McCormick Ranch, 7401 North Scottsdale Road, located within

the City of Scottsdale and State of Arizona.

122.     Upon information and belief, at all times hereinafter mentioned, Defendant,

MILLENNIUM & COPTHORNE PLC, by its agents, servants and/or employees, maintained the

21

Millennium Resort Scottsdale McCormick Ranch a Hotel, Restaurant, Resort and Conference

Center open to the public and let rooms and suites at the aforesaid premises.

123. Upon information and belief, at all times hereinafter mentioned, MILLENNIUM &

COPTHORNE PLC, by its agents, servants and/or employees, operated the aforesaid premises.

124. Upon information and belief, at all times hereinafter mentioned, Defendant,

MILLENNIUM & COPTHORNE PLC, by its agents, servants and/or employees maintained and

cleaned the aforesaid premises.

125. Upon information and belief, at all times hereinafter mentioned, Defendant,

MILLENNIUM & COPTHORNE PLC, by its agents, servants and/or employees, managed the

aforesaid premises.

126. Upon information and belief, at all times hereinafter mentioned, Defendant,

MILLENNIUM & COPTHORNE PLC, by its agents, servants and/or employees, controlled and

inspected the aforesaid premises.

127. Upon information and belief, at all times hereinafter mentioned, MILLENNIUM &

COPTHORNE PLC, by its agents, servants and/or employees, designed and secured the aforesaid

premises.

128. On or about January 25, 2006, the Plaintiff, JILL A. AZZARELLO, while lawfully

and properly a business invitee at the aforesaid premises and who was let a room to occupy for

her stay was caused to be infected, poisoned, bit and stung by an insect, to wit: a scorpion.

129. Upon information and belief, the incident hereinbefore described and the resultant

injuries were caused by the negligent, careless, reckless and/or unlawful conduct on the part of

Defendant, MILLENNIUM & COPTHORNE PLC, by its agents, servants and/or employees, in

the ownership, operation, maintenance, management, control and design of the aforesaid

premises and, among, other things, said negligence of Defendant by its agents, servants and/or

employees was exhibited in Defendant allowing and permitting an infestation of dangerous, deadly

and venomous insects to remain and live in the hotel and hotel rooms which were provided to

guests to occupy, when such rooms were in an unsafe, unfit, dangerous, hazardous, and possible

deadly condition, which should have prevented occupation and in allowing and permitting it to be

occupied and remain in such condition, without warning the Plaintiff and others of this dangerous

condition's existence.

130.    Upon information and belief, the aforesaid dangerous and hazardous condition

existed for a sufficient length of time to give both actual and constructive notice to Defendant,

MILLENNIUM & COPTHORNE PLC, by its agents, servants and/or employees,  including

notice by reasonable inspection.

131.    Upon information and belief, Defendant, MILLENNIUM & COPTHORNE PLC.,

affirmatively created the dangerous and hazardous condition complained of herein.

132.    As a result of the alleged incident, Plaintiff, JILL A. AZZARELLO, sustained

bodily injuries and was painfully and seriously injured, and some of the injuries may result in

permanent defects; was rendered sick, sore, lame and disabled; sustained pain and suffering and

shock to her nerves and nervous system; was caused to and did seek medical aid and attention;

was caused to be confined to a hospital, bed and home, was caused to and did incur great medical

expenses and may incur further medical expense; was caused to be incapacitated from her usual

activities and work and may be further incapacitated.

133.    This action falls within one or more of the exceptions set forth in CPLR 1602

23

134. Upon information and belief, as a result of the foregoing, the accident and Defendant's negligence, the Plaintiff, JILL A. AZZARELLO, has been damaged in an amount exceeding the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION AGAINST DEFENDANT, MILLENNIUM & COPTHORNE PLC, PLAINTIFF, ALLEGES:

135.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "134" inclusive, with the same force and effect as if more fully set forth at length herein.

136.     That the Defendant, MILLENNIUM & COPTHORNE PLC, its agents, servants and/or employees violated various statutes, codes, laws, ordinances, rules and regulations, involving providing hotel rooms, cleaning hotel rooms, and the inspection and removal and spraying for insects in a business open to the public at its Millennium Resort Scottsdale McCormick Ranch location.

137.     That by reason of the Defendant's violations as aforesaid, the Plaintiff was caused to sustain severe and permanent personal injuries as previously set forth.

138.     That by reason of the foregoing, the Defendant is liable to the Plaintiff pursuant to the exceptions set forth in Article 16 of the CPLR.

139.     Upon information and belief, as a result of the foregoing, the accident and Defendant's negligence, the Plaintiff, JILL A. AZZARELLO, has been damaged in an amount exceeding the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

24

## AS AND FOR A FIFTEENTH CAUSE OF ACTION AGAINST DEFENDANT, MILLENNIUM & COPTHORNE PLC, PLAINTIFF, ALLEGES:

140.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "139" inclusive, with the same force and effect as if more fully set.

141.    That in or about January 25, 2006, at the aforementioned premises the Defendant MILLENNIUM & COPTHORNE PLC, for a valuable consideration entered into a contractual agreement with the Plaintiff, express and implied to provide certain services specifically but not limited to providing a safe, habitable room, at its Millennium Resort Scottsdale McCormick Ranch location, free of hazards for her to occupy during her stay.

142.    That the Defendant failed to perform the contract and breached the contract and the express and implied warranties thereto in that the Defendant failed to provide a safe room free of hazard or danger and failed to advise the Plaintiff of a known danger and failed to properly maintain, clean, inspect their premises and failed to perform and provide services: a room in an acceptable manner or habitable condition according to accepted and standard practices as set forth hereinabove in greater detail.

143.    This action falls within one or more of the exceptions set forth in CPLR 1602.

144.    Upon information and belief, as a result of the foregoing, the accident and Defendant's negligence, the Plaintiff, JILL A. AZZARELLO, has been damaged in an amount exceeding the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

25

**WHEREFORE**, th Plaintiff, JILL A. AZZARELLO demands judgment against the

Defendants, either jointly or severally for each and every cause of action from the First to the

Fifteen seeking damages in excess of the jurisdictional limits of all lower courts that would

otherwise have jurisdiction and hereby seeks said damages from each of said defendants, and for

such other, further or different relief as the Court may deem just and proper herein, together with

the costs and disbursements of this action.


DATED:          Buffalo, New York
                January 25, 2008


                                    By:_____

                                        Kevin M. Maley, Esq.
                            QUINN, McGARRY, CAFFERY & PATRICIA, P.C.
                                        Attorneys for Plaintiff
                                    **JILL A. AZZARELLO**
                                        1600 Statler Towers
                                        Buffalo, New York 14202
                                        (716) 856-6066

26

STATE OF NEW YORK        )
                         )SS.:
COUNTY OF NEW YORK  )

LYUDMILA TIMOSHENKO, being duly sworn, deposes and says that she is not a party to this action, is over the age of 18 years, and resides in Middlesex County, New Jersey.  That on this 18th day of March, 2008 she served the within **Notice of Removal and Exhibit in support** upon:

Kevin M. Maley, Esq.
Quinn, McGarry, Caffery & Patricia, P.C.
1600 Statler Towers
Buffalo, NY 14202

by depositing a true copy of same securely enclosed in a post-paid wrapper in an official depository under the exclusive care and custody of the United States Postal Office within the State of New York, by Regular Mail.

LYUDMILA TIMOSHENKO

Sworn to before me this
18th day of March, 2008

NOTARY PUBLIC
HOWARD P. STRONGIN
Notary Public, State of New York
No. 02ST4758421
Qualified in NASSAU County
Commission Expires DECEMBER 31, 20 10